UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson, # 294233, ) | C/A No. 5:12-3358-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | *for partial disposition* |
| Albert Mack; Dessirene Lloyd; Loretta Aiken; Assoc. ) | |
| Warden Fred Thompson; Major Thierry Nettles; ) | |
| Classification Ms. D. Bailey; Cpt. T. Clark; Lolita M. ) | |
| Lee; Sherisse D. Birch; Warden Wayne McCabe; Cpt. ) | |
| Ann Sheppard; Tanya F. McCants; Cpt. William ) | |
| Brightharp; IGC B. J. Thomas; Cpt. McBride; Ann ) | |
| Hallman, ) | |
| ) | |
| Defendants. ) | |

Corey Jawan Robinson ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is an inmate at the Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the court should dismiss Defendants IGC B.J. Thomas and Ann Hallman without service of process and without prejudice.

BACKGROUND INFORMATION

Plaintiff alleges while he was incarcerated at Lieber Correctional Institution on or about December 20, 2010, his roommate Darnell Brown physically attacked him. ECF No. 1 at 4–5. He alleges most of the Defendants were aware that Brown had threatened Plaintiff's life, but they intentionally kept Brown in the same cell with Plaintiff. *Id.* He alleges after the attack he was

denied medical care in an effort to hide the incident. *Id.* Plaintiff seeks damages for alleged deliberate indifference to his safety. ECF No. 1 at 7. With respect to this claim, liberally construed Plaintiff alleges that the following Defendants were involved: Albert Mack, Dessirene Lloyd, Loretta Aiken, Assoc. Warden Fred Thompson, Major Thierry Nettles, Classification Ms. D. Bailey, Cpt. T. Clark, Lolita M. Lee, Sherisse D. Birch, Warden Wayne McCabe, Cpt. Ann Sheppard, Tanya F. McCants, Cpt. William Brightharp, and Cpt. McBride. ECF No. 1 at 4–5. In an accompanying order, this court has authorized service of process of the Complaint upon those Defendants.

Plaintiff also alleges that his due process rights have been violated by Defendants IGC B.J. Thomas, Warden Wayne McCabe,[1] and Ann Hallman because they have interfered with his participation in the prison grievance process. ECF No. 1 at 5–6. He alleges that they responded late to his Step One grievance filed on December 20, 2010, that no response has been given to his Step Two grievance filed on March 31, 2011, and that he has filed other grievances to which no one has responded. *Id.* Plaintiff seeks damages for the violations of his due process rights. ECF No. 5–7. The only allegations in the Complaint against Defendants IGC B.J. Thomas and Ann Hallman are based on this due process claim. ECF No. 1 at 4–6.

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.

---

[1] Warden Wayne McCabe is alleged to also have been involved with the deliberate indifference to safety claim.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, a portion of the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed in forma pauperis at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## DISCUSSION

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United

3

States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's allegations that Defendants failed to respond to his prison grievances do not state a cognizable constitutional claim. It is well settled that an inmate's access to and participation in a prison's grievance process are not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, even if Defendants improperly delayed or failed to respond to Plaintiff's prison grievances, such conduct does not violate the Constitution. Therefore, because the only allegations against Defendants IGC B.J. Thomas and Ann Hallman are that they violated the Constitution by improperly administering the grievance process, Plaintiff has failed to state a claim on which relief may be granted against them.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the court dismiss Defendants IGC B.J. Thomas and Ann Hallman without service of process and without prejudice. At this time, the case is proceeding against the remaining Defendants.

IT IS SO RECOMMENDED.

February 15, 2013                                            Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).