UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson, | ) | C/A No.     5:12-cv-03358-JMC-KDW |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Albert Mack; Dessirene Lloyd; Loretta Aiken; Assoc. Warden Fred Thompson; Major Thierry Nettles; Classification Ms. D. Bailey; Cpt. T. Clark; Lolita M. Lee; Sherisse D. Birch; Warden Wayne McCabe; Cpt. Ann Sheppard; Tanya F. McCants; Cpt. William Brightharp; IGC B.J. Thomas; Cpt. McBride; Ann Hallman; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief filed on March 21, 2013. ECF No. 31. Defendants filed responses opposing Plaintiff's motion on April 8, 2013. ECF Nos. 53, 56, 57. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In support of his Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff summarizes the factual contentions in the complaints that he has currently pending or previously filed with this court. ECF No. 31 at 2. Plaintiff requests that the court grant his motion "so [he] will not suffer any more harm." *Id.* at 3. "[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339

(4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The undersigned finds that Plaintiff has not delineated what or who he wishes to be restrained, nor has Plaintiff provided the basis for his injunctive relief. It is therefore recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, ECF No. 31, be denied.

IT IS SO RECOMMENDED.

April 22, 2013                                                    Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**